A mere statement of these facts demonstrates very clearly that the negligence of Mrs. Hatch contributed to her own and the infant's death. We must believe that, when she looked east, she saw a train coming upon track No. 3. It could not then have been very far off, clearly not so far but that it was in plain sight, and no reason appears why she did not see it. And it would seem that, from that moment, she started to cross both of such tracks ahead of both the coming trains, and was so intent in getting ahead of the one coming from the east that she never stopped to see how near it had got to the crossing. She misjudged her time, did not take time to give a second look, and hence stepped in front of the engine when it was in plain sight and almost within reach of her. When the appeal in the action against this same defendant, for the death of Mrs. Hatch, was before this court, we sustained the order of the trial judge which granted a new trial upon his minutes, on the ground that the verdict was against the weight of the evidence. The facts, as they appear in this record, are not substantially different from those that we then acted upon. We are still of the opinion that Mrs. Hatch's own negligence was the cause of this accident.

This judgment must be reversed on the law and the facts, and a new trial granted, with costs to the appellant to abide the event. All concur.

---

(111 App. Div. 924)

PEOPLE ex rel. UVALDE ASPHALT CO. v. GROUT, Comptroller.

(Supreme Court, Appellate Division, First Department. February 9, 1906.)

MANDAMUS—GROUNDS—ENFORCEMENT OF ILLEGAL CONTRACT.

 Where paving work to be done on a street was divided up into several detached pieces, and under several separate orders, without competitive bidding, each order being under $1,000, but aggregating over $1,000, mandamus would not lie to compel the payment of the orders; the contract being apparently illegal, under Greater New York Charter, Laws 1901, p. 186, c. 466, § 419, declaring that, when the several parts of a work shall involve more than $1,000, the work shall be done by contract founded on competitive bidding.

Mandamus by the people, on the relation of the Uvalde Asphalt Company, to compel Edward M. Grout, as comptroller of the city of New York, to pay an order. Motion for the writ denied.

The following is the opinion of the court at Special Term:

The writ of mandamus should only issue to compel the payment of money by the city, when the petitioner's right to the payment is clear and unmistakable, and when there is absolutely no defense against payment. It should not issue where it appears that the contract is illegal upon which payment is sought, or where there is grave reason to question its legality. There the petitioner should be relegated to his ordinary remedy by action. Here there sufficiently appears a clear attempt to evade section 419, of the Greater New York Charter. (Laws 1901, p. 186, c. 466.) The original contract was for the improvement of Surf avenue, from Fifth street to Nineteenth street. Thereafter it was sought to modify the contract by extending the work to be done, so as to include up to Twentieth street. This the law officer of the city advised could not be done, as embracing territory beyond that covered by the original contract and requiring a reletting. A second application met with the same reply. Thereafter, knowing the additional work could not be done without a new contract, the work from Nineteenth to Twentieth streets was divided up into four detached pieces, and under four separate orders, each under

$1,000, but aggregating in all $2,349.68. For the payment of one of these orders amounting to $985.50, this writ is sought. If the method followed in the awarding of this work is to be approved as a legal one, section 419 of the charter becomes of no avail, and competitive bidding practically disappears.

Motion for a writ denied, with costs.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

J. C. Wait, for appellant.
T. Connoly, for respondent. ·

PER CURIAM. Order affirmed, with $10 costs and disbursements.

---

(112 App. Div. 91)

POTTER v. VILLAGE OF HAMMONDSPORT.

(Supreme Court, Appellate Division, Fourth Department. March 28, 1906.)

1. DISCOVERY—PHYSICAL EXAMINATION OF PLAINTIFF.

Code Civ. Proc. § 873, providing that, in an action for personal injuries, the court in granting an order for examination of plaintiff before trial may, on application of defendant, direct that plaintiff submit to a physical examination by physicians to be designated by the court, and that, if plaintiff be a female, she shall be entitled to have such examination "before" physicians of her own sex, means the examination of a female plaintiff shall be by, and not merely in the presence of, physicians of her own sex.

2. SALE—EXAMINATION OF PHYSICIANS.

Under Code Civ. Proc. § 873, providing that, in an action for personal injuries, the court in granting an order for examination of plaintiff before trial may, on application of defendant, direct that plaintiff submit to a physical examination by physicians to be designated by the court, the order may not provide for examination of the physicians before the referee.

3. SAME—LIMITING EXAMINATION.

An order under Code Civ. Proc. § 873, for examination before trial of plaintiff in a personal injury case, she to submit to a physical examination by physicians, should limit the examination of plaintiff under oath to injuries as to the nature and extent of the injuries complained of, and the place where and the peculiar manner in which the injuries were received, so far as necessary to enable the defendant to ascertain the nature and extent of the injuries.

[Ed. Note.—For cases in point, see vol. 16, Cent. Dig. Discovery, §§ 96, 97.]

Williams and Nash, JJ., dissenting.

Appeal from Special Term, Steuben County.

Action by Rose Potter against the village of Hammondsport. From an order modifying an order therefor made for examination of plaintiff before trial, defendant appeals. Modified.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

Walter S. Drew, for appellant.
Leverne Thomas, for respondent.

KRUSE, J. We all agree that the order appealed from should be modified. There is, however, a division among us respecting the ex-